**NOT FOR PUBLICATION**

**FILED**

JUL 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10540 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00836-SPL-1 District of Arizona, Phoenix |
| v. | |
| RAFAEL VILLAGOMEZ-TROCHE, AKA Robert Villagomez Troche, AKA Rafael Villagomez-Troche, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Submitted May 9, 2022**
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and ROBRENO,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Rafael Villagomez-Troche, a native and citizen of Mexico, appeals from the district court's order denying his motion to dismiss his indictment under 8 U.S.C. § 1326(d). We affirm.

**1.** To prevail on his motion to dismiss the indictment, Villagomez-Troche was required to prove that entry of the underlying removal order was "fundamentally unfair." *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1620–21 (2021) (quoting 8 U.S.C. § 1326(d)). A removal order is fundamentally unfair if the non-citizen's due process rights were violated by defects in the removal proceeding and he suffered prejudice as a result. *United States v. Aguilera-Rios*, 769 F.3d 626, 630 (9th Cir. 2014). Villagomez-Troche argues that he was not removable as charged because the government could not prove by clear and convincing evidence that he had been convicted of "a violation of . . . any law . . . relating to a controlled substance (as defined in section 802 of title 21)." 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Clear and convincing evidence establishes that Villagomez-Troche was in fact convicted of a violation of Illinois state law related to cannabis, a qualifying controlled substance under 21 U.S.C. § 802. Although there is some variation among different state-court documents as to the precise crime to which Villagomez-Troche ultimately pleaded guilty, nothing indicates that the substance he admitted possessing was anything other than cannabis. Villagomez-Troche

emphasizes the prosecutor's statement during his first change of plea hearing that if, after lab testing, the substance "turns out not to be cannabis we would . . . vacate the plea." Although that first plea was indeed vacated, a second guilty plea was immediately entered in its place without any comment to indicate that the substance was found not to be cannabis. Indeed, the state court docket entry indicates he pleaded guilty to "UNLAWFUL POSSESSION OF CANNABIS." Moreover, Villagomez-Troche—with the assistance of counsel—admitted all the factual allegations in the Notice to Appear, which specifically alleged that he was convicted of unlawful possession with the intent to deliver cannabis. On this record, the government carried its burden of proving by clear and convincing evidence that Villagomez-Troche was convicted of unlawful possession of cannabis.

Because Villagomez-Troche's underlying removal order was not fundamentally unfair, we need not address whether he exhausted his administrative remedies or was improperly deprived of the opportunity for judicial review. *See Palomar-Santiago*, 141 S. Ct. at 1620–21.

**2.** On appeal, Villagomez-Troche preserved the argument that his Notice to Appear did not confer jurisdiction on the immigration court because it did not specify the date and time of his removal hearing. As an en banc panel of this court recently held, however, such defects do not deprive the immigration court of

jurisdiction.  *United States v. Bastide-Hernandez*, No. 19-30006, slip op. at 5 (9th Cir. July 11, 2022).

**AFFIRMED.**